17bm665
115 511

## Graves *vs.* Leathers.

Case 25.

APPEAL FROM KENTON CIRCUIT.

ORD. PET.

1. No action can be maintained on a covenant of warranty, contained in a deed of conveyance made since the passage of the act of 1824, (1 *Stat. Law*, 285,) where the land was adversely held at the date of the conveyance.

2. If any fraud was practiced by the vendor in the contract of sale, in such a case, a right of action would accrue to the vendee for damages equivalent to the injury immediately, and would be barred after the lapse of five years.

*J. W. Menzies* and *S. Moore* for appellant—

This suit is brought on a covenant of warranty in a champertous deed to recover the consideration paid by vendee, which was a negro boy at the price of $300.

A demurrer was filed to the petition and over-ruled—the court regarding the cause of action as well set out. The defendant plead the statute of limitation, and the court overruled a demurrer to that plea, and upon the trial instructed the jury that if the negro had been paid more than five years before suit brought, they should find for the defendant. Of this opinion of the court the appellant complains.

Our cause of action is based on a covenant of warranty, and is not for the value of the slave. The

deed is void, and under it no right of action accrues to either party.   (1 *Statute Law*, 285.)    But is the covenant of warranty in the deed intended to be declared void by the statute?    It is not a necessary part of a deed purporting to convey title.   Suppose the deed had passed other lands not held adversely, or suppose the deed had contained covenant not pertaining to the land, would it be void as to such other matters? If we can properly take this distinction, why may we not say that the covenant of warranty is not void, though the deed may be, so far as it was intended to operate to pass title to the. land.   If suit had been brought for the money paid within five years, the void deed might have been offered in evidence to prove the payment.   If such be true, may we not introduce it for that purpose.

We cannot sue for the land.   No suit can be maintained to recover land claimed under such a deed. (*Wash vs. McBrayer*, 1 *Dana*, 556.)   But has the court gone any farther?   It has not said that a suit may not be maintained on the covenant of warranty, and if that can be done, the instructions of the circuit court to the jury were erroneous.

Graves states that when he purchased and accepted the deed, he had no knowledge that the lots were adversely held; he could not be expected to prove this negative if he had such knowledge; the other party could have shown the fact.   We ask the court to decide these questions.   We cannot believe the legislature intended to leave the vendee in such cases without remedy.

*Benton* and *Stevenson & Kinkead* for appellee—

There is no question in regard to the fact that the lots conveyed by the deed from Leathers to Graves were adversely held at the date of the deed, and by the act of 1824 the deed was void.   The statute makes no exception in favor of an ignorant vendee. The policy of the law is so strong against champertous conveyances that it imposes upon the vendee

the duty of ascertaining the condition of the possession. He cannot buy at random and then plead ignorance. Ignorance is here relied on, but denied and not proved.

If the deed is void no action can be brought upon any of its covenants, but the plaintiff must rely upon the *implied* contract to refund the price or restore the negro received, which he in effect does by his amended petition. To this claim the defendant pleads, and relies upon the statute of limitations, which is five years. (*Rev. Stat., sec.* 2, *page* 461.) Hence the court properly instructed the jury, and the finding is sustained by the proof.

The parties agree on the pleadings that the consideration was a negro delivered in 1836. The proof is not different. But if the covenant of warranty was not void, the conveyance is nevertheless void. The Revised Statutes were in force before this suit was brought, and by them, (*page* 460,) no suit, other than for realty, can be brought after a lapse of fifteen years from the accrual of the right of action.

By the plaintiff's own showing, his right of action accrued as early as 1837, for he then found the lots to be adversely held, and brought his suit to eject the occupant. But at law the right of action for a fraud accrues when the fraud is committed, not on its discovery. (*Haddox vs. Davidson,* 3 *Mon.,* 41.) Hence the right of action here accrued in January, 1836, if at all.

But where limitation is relied on as a bar, the plaintiff must show, by *positive proof,* that his right of action accrued within the prescribed time. (*Head vs. Manners,* 6 *Mon.,* 85.) Here it has not been attempted, hence the court did not err in deciding the law of the case as made out, and the party cannot place himself in a better condition by a new trial.

Judge SIMPSON delivered the opinion of the court:

January 9.

The only question to be considered in this case is, whether an action can be maintained by the pur-

GRAVES
*vs.*
LEATHERS.

chaser, on a covenant of warranty contained in a deed, executed in January, 1836, for the conveyance of land, not in the possession of the vendor at the time of the sale and purchase, but held adversely to his title?

By the 1st section of the act of 1824, concerning champerty and maintenance, (1 *Stat. Law*, 285,) a deed under such circumstances, is expressly declared *void;* and it is also provided that no right of action shall accrue under it to either party.

Under the construction which has been uniformly given to the statute, by this court, such deeds have been regarded as void, not only so far as the occupant of the land was concerned, but also as between the vendor and vendee. (*Cardwell vs. Sprigg's heirs*, 7 *Dana*, 36.)

It is, however, contended that the deed is only void so far as it purports to convey title, and that the covenants contained in it are obligatory on the vendor. This distinction cannot, however, be maintained, without disregarding the express provision of the statute which declares that no right of action shall accrue to either party under such deed.

We conclude, therefore, that the action will not lie on the covenant of warranty, unless there be something in the case that exempts it from the operation of the general rule on the subject.

The only thing relied on as having this effect is an allegation on the part of the purchaser, that he was ignorant of the fact that the land was in the adverse possession of another person, at the time he made the purchase, and procured the deed of conveyance. If the operation of the statute could be avoided by such an allegation, its efficiency would be entirely destroyed. Besides it is the fact that the land is adversely held at the time of the sale, and not the knowledge of the parties that such is the fact, that renders the contract illegal and void under the statute. It is the duty of the purchaser to ascertain the condition of the land he purchases, and if he fails to

1. No action can be maintained on a covenant of warranty contained in a deed of conveyance made since the passage of the act of 1824, (1 *Stat. Law*, 285,) where the land was adversely held at the date of the conveyance.

do it, any injury that he may thereby sustain will be the result of his own negligence.

The vendor in such a case is liable for any misrepresentation he may knowingly make in relation to the possession of the property, and if a fraud has been practiced by him on the purchaser, the latter may, no doubt, maintain an action therefor, and recover damages to the extent of the injury he has sustained. But such a cause of action accrues immediately upon the commission of the fraud, and was barred in this case by the statute of limitations which was pleaded and relied on. And if the purchaser could in such a case maintain an action to recover back the price paid, it was also barred by the statute of limitations.

Wherefore, the judgment is affirmed.

2. If any fraud was practiced by the vendor in the contract of sale in such a case, a right of action would accrue to the vendee for damages equivalent to the injury immediately, and would be barred after the lapse of five years.